IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　No. 2:10-cr-20310-SHM-cgc

**ABDULLAH AL RAFIQ SHAHEED ASHANTI,**
a/k/a/William Atrel Townsend,

    **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT AND FOR PRE-TRIAL HEARING ON ENTRAPMENT DEFENSE**

  Before the Court is Defendant's Motion to Dismiss Indictment and for Pre-Trial Hearing on Entrapment Defense. (Docket Entry "D.E." #80). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E.. #108). For the reasons set forth herein, the Court RECOMMENDS that Defendant's Motion be DENIED.

 **I.  Introduction**

  On September 20, 2010, Defendant was indicted by a grand jury on the following charges: (1) conspiring to obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, and the movement of articles and commodities in such commerce, by robbery in violation of 18 U.S.C. § 1951, (2) conspiring to commit bank robbery in violation of 18 U.S.C. § 2113, (3) possession of a firearm in violation of 18 U.S.C. § 922(g), and (4) use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Based upon the Affidavit of Complaint filed by Special Agent Andrew Huckstadt of the Federal Bureau of Investigation

("FBI"), a Confidential Informant advised the FBI that Defendant "desired to engage in violent criminal acts, particularly robbery." (Huckstadt Aff. (D.E. #1) at 1). Based upon the participation of the Confidential Information, which Defendant argues induced him into criminal activity, Defendant asserts that the Indictment should be dismissed on the grounds of entrapment. The United States responded on March 8, 2011 and argues that allegations of entrapment are a factual, evidentiary question that may be presented as a defense at trial but are not questions that the court should consider as a matter of law.

**II.   Analysis**

The Supreme Court has "consistently adhered to the view" announced that the defense of entrapment requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity. Matthews v. United States, 485 U.S. 58, 62-63 (1988). "The central inquiry in entrapment cases is whether law enforcement officials implanted a criminal design in the mind of an otherwise law-abiding citizen or whether the government merely provided an opportunity to commit a crime to one who was already predisposed to do so." United States v. Pennell, 737 F.2d 521, 534 (6th Cir. 1984). Predisposition is defined to be "defendant's state of mind before his initial exposure to government agents." United States v. McLernon, 746 F.2d 1098, 1112 (citation and emphasis omitted). The following factors are relevant to the determination of whether a defendant was predisposed to commit the offense: (1) the character or reputation of the defendant, including any prior criminal record; (2) whether the suggestion of criminal activity was initially made by the Government; (3) whether the defendant was engaged in criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducements or persuasion; and (5) the nature of the inducement or persuasion supplied by the government. Id.

The Sixth Circuit has concluded that it is "seldom appropriate to grant a pre-trial motion to dismiss based on an entrapment defense, because the defense focuses on a defendant's state of mind, an evidentiary question." United States v. Schaffer, 586 F.3d 414, 426 (6th Cir. 2009) (citing United States v. Fadel, 844 F.2d 1425, 1431 (10th Cir. 1988). For this reason, the Sixth Circuit advises that "well-established precedent makes it clear that the question of entrapment is generally one for the jury, rather than for the court." Schaffer, 586 F.3d at 426 (citing Matthews, 485 U.S. at 63). "To warrant dismissal before trial on the ground that the defendant was entrapped as a matter of law, we have held that 'the undisputed evidence must demonstrate a 'patently clear' absence of predisposition.'" Schaffer, 586 F.3d at 426 (citing United States v. Harris, 9 F.3d 493, 498 (6th Cir. 1993)).

In the instant case, Defendant "contends that the suggestion of the criminal activity was initially made by the government's confidential informant, that defendant evidenced reluctance to commit the offense by was overcome by the persuasion of the government's confidential informant, that the nature of the inducement or persuasion was supplied by the government's confidential informant, and that Defendant has not taken part in any similar criminal activity with anyone else before or afterwards."[1] (Def.'s Memo. in Support of Mot. to Dismiss Indictment at 6). However, the United States contends—and Defendant does not dispute—that he has been convicted of aggravated robbery, attempted murder, and theft of property. Additionally, Special Agent Huckstadt confirms that tape recordings of Defendant indicate that he and a co-defendant

---

[1] Although Defendant argues that he has not taken part in "any similar criminal activity" "before" the offenses alleged in the instant indictment, Defendant also "concedes that he has a significant criminal record" that includes convictions for attempted murder, aggravated robbery, and theft of property. (Def.'s Memo. in Support of Mot. to Dismiss Indictment at 2, 5-6). Additionally, Defendant states that a copy of his criminal history report was attached to the instant Motion as Exhibit A; however, while the United States does not contest Defendant's criminal history, the record does not include any such exhibit.

"discussed the past robberies they have participated in" during their conversations recorded in the investigation of this case. (Huckstadt Aff. at 3). Thus, the United States argues that Defendant's criminal history and his stated experience from his previous robberies demonstrates his predisposition to commit the crime of robbery.

Further, Special Agent Huckstadt asserts that, although the plans discussed between the Confidential Informant, Defendant, and the other alleged co-conspirators initially involved the robbery of a bank, it was Defendant who "subsequently suggested the robbery of a finance company," a location and business of which the Confidential Informant was "unfamiliar." (Huckstadt Aff. at 3). The United States asserts that Defendant provided directions to the finance company, that Defendant advised that the finance company did not open until 8:30 a.m., and that Defendant advised a co-defendant "prior to entering the store about what to look for in terms of security, where to look for cameras, and how to tell if non-uniformed security was armed or unarmed." (Huckstadt Aff. at 3-4). Thus, the record contains significant factual support for the argument that Defendant initiated the plans for the robbery of the finance company—facts that demonstrate predisposition rather than inducement.

Upon review, the Court concludes that the Motion and Response present factual disputes of the nature that may only properly be considered by a jury. Because the defendant has not established a "patently clear absence of predisposition," the Court cannot conclude that Defendant was entrapped as a matter of law.[2]  Additionally, the Court finds that a hearing on the instant

---

[2] Defendant further argues that his previous criminal offenses are not similar to the present crimes and should not be considered to demonstrate his predisposition to engage in the criminal activity charged in this case. Although the Sixth Circuit has rejected a broad view of the similarity of crimes, United States v. Monea, 376 Fed. Appx. 531, 2010 WL 1851313 (6th Cir. 2010), the Court finds the United States argument persuasive that Defendant's previous conviction for aggravated robbery is highly similar to the instant charges of robbery. Further, the Court finds the United States's argument persuasive that his convictions for attempted murder and theft demonstrate his predisposition to commit robbery because it is "a crime

4

motion would not be beneficial, because even if Defendant were able to adduce evidence of inducement, there are already sufficient questions of fact on the issue of predisposition that must be determined by the trier of fact.[3]

### III. Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Defendant's Motion to Dismiss Indictment and for Pre-Trial Hearing on Entrapment Defense be DENIED.

Signed this 28th day of March, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

which combines the elements of theft with the use of force or threat of force." Thus, the Court declines to ignore Defendant's admitted previous criminal conduct in its consideration of this Motion.

[3] Finally, Defendant argues that presenting the entrapment defense before a jury presents a risk of unfair prejudice and bias against Defendant based upon his criminal record. Defendant's assertions of potential prejudice are not grounds for entrapment to be granted as a matter of law. Further, the Sixth Circuit has held that the Government is constrained at trial by rules of relevancy and competency, see United States v. Ambrose, 483 F.2d 742, 748 (6th Cir. 1973), and that jury instructions on entrapment may be requested to minimize the potential of prejudice, see United States v. Smith, 584 F.2d 759, 763 (6th Cir. 1978) (concluding that "it is difficult to find prejudice" when a jury instruction on entrapment is given).